UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MELVIN D. MIMS, JR., | ) |
| Movant, | ) |
| v. | ) No. 4:22-cv-00640-RWS |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on movant Melvin D. Mims, Jr.'s amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Having reviewed the motion, and for the reasons set forth below, the Court will deny and dismiss the motion because it is successive, and because movant has not sought authorization from the United States Court of Appeals for the Eighth Circuit for this Court to consider the application. *See* 28 U.S.C. § 2244(b)(3)(A).

### Background

Movant is a self-represented litigant who initiated the instant action while an inmate at the Federal Correctional Complex in Yazoo City, Mississippi.[1] On September 16, 2016, he pled guilty to two counts of being a felon in possession of a firearm, and one count of possession of a firearm in furtherance of a drug trafficking crime. *United States v. Mims*, No. 4:15-cr-469-RWS-1 (E.D.

---

[1] Since filing his 28 U.S.C. § 2255 motion, movant has notified the Court that he has moved to the Dismas House, a residential reentry center in St. Louis, Missouri.

Mo.). On June 19, 2017, the Court sentenced movant to a total term of 98 months' imprisonment and two years' supervised release.[2] He did not appeal his conviction or sentence.

On October 21, 2020,[3] movant filed his first 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. *Mims v. United States*, No. 4:20-cv-1538-RWS (E.D. Mo.). In the motion, movant sought relief under *Rehaif v. United States*, 139 S.Ct. 2191 (2019). While this motion was pending, movant filed a second § 2255 motion, again citing to *Rehaif* as forming the basis for his relief. *Mims v. United States*, No. 4:20-cv-1777-RWS (E.D. Mo. Dec. 14, 2020). On December 31, 2020, the Court consolidated the two separate motions into one case. On February 5, 2021, the Court denied and dismissed movant's consolidated § 2255 motion as time-barred. *Mims v. United States*, No. 4:20-cv-1538-RWS (E.D. Mo.).

Just over a month later, movant filed another 28 U.S.C. § 2255 motion, repeating his earlier assertion that he was entitled to relief under the Supreme Court's decision in *Rehaif*. *Mims v. United States*, No. 4:21-cv-327-RWS (E.D. Mo. Mar. 15, 2021). Movant also argued that this Court should apply a First Circuit case, *United States v. Guzman-Merced*, 984 F.3d 18 (1st Cir. 2020). On March 18, 2021, the Court denied and dismissed the motion as an unauthorized second or successive § 2255 motion lacking permission from the United States Court of Appeals for the Eighth Circuit.

On May 26, 2021, the United States Court of Appeals for the Eighth Circuit denied movant's application to file a second or successive 28 U.S.C. § 2255 motion. *Mims v. United States*, No. 21-1842 (8th Cir. 2021). The Court of Appeals also denied his request for a certificate

---

[2] This term consisted of thirty-eight (38) months' imprisonment on each of the felon in possession charges, to be served concurrently, and sixty (60) months' imprisonment on the felon in possession in furtherance of a drug trafficking crime, to be served consecutively.

[3] This is the date movant signed his 28 U.S.C. § 2255 motion. *See Moore v. United States*, 173 F.3d 1131, 1135 (8th Cir. 1999) (explaining that under the prison mailbox rule, a 28 U.S.C. § 2255 motion is deemed timely filed when an inmate deposits it in the prison mail system prior to the expiration of the filing deadline).

of appealability as to the dismissal of his first § 2255 motion, which had been dismissed as time-barred.

On August 27, 2021, the Court received a document from movant titled "2255 For Ineffective Counsel." *Mims v. United States*, No. 4:21-cv-1081-RWS (E.D. Mo.). The Court construed the document as yet another 28 U.S.C. § 2255 motion, and dismissed it on November 15, 2021, as an unauthorized successive motion.

On June 13, 2022, movant filed the instant 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. (Docket No. 1). Because the motion was not on a Court-provided form, as required, the Court directed movant to file an amended motion. (Docket No. 3). The Court received the amended motion on August 11, 2022. (Docket No. 5).

**The Motion**

In his amended motion, movant challenges his judgment in *United States v. Mims*, No. 4:15-cr-469-RWS (E.D. Mo. June 19, 2017). (Docket No. 5 at 1). He bases the motion on a purported Supreme Court decision he identifies as "Minor v. U.S.A." (Docket No. 5 at 2). It appears, however, that he is actually referring to a case out of the First Circuit, *United States v. Minor*, 31 F.4th 9 (1st Cir. 2022). Indeed, in his initial motion, he provides a citation to the First Circuit, not the United States Supreme Court. (Docket No. 1 at 2).

Movant presents four grounds for relief in his amended motion. First, movant argues that his Eighth Amendment rights were violated when he was sentenced for possessing a firearm in furtherance of a drug trafficking crime, even though "no drugs are being charged against [him]." (Docket No. 5 at 4). Second, he contends that his Fifth and Sixth Amendment rights were violated under *Minor v. United States* because the government "must prove beyond reasonable doubt that [he] fit[s] all nine categories of 18 U.S.C. 922 [and] 924(A)(2)." (Docket No. 5 at 5). Third, movant

3

restates the arguments in grounds one and two. (Docket No. 5 at 7). Finally, he accuses the Court of withholding information from him that stopped him from going to trial. (Docket No. 5 at 8).

Movant asks the Court to grant his 28 U.S.C. § 2255 motion, and to return his rights. (Docket No. 5 at 12). He also seeks compensation of $1,000 for each day of his incarceration.[4]

## Discussion

Movant is a self-represented litigant who has filed an amended motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court is required to undertake a preliminary review of the motion before directing the United States to respond. Having reviewed the amended motion, and for the reasons discussed below, this action must be denied and dismissed as successive.

### A. Successiveness

A district court is not "required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus." 28 U.S.C. § 2244(a). Rather, under the Antiterrorism and Effective Death Penalty Act of 1996, a federal inmate seeking relief under 28 U.S.C. § 2255 must first receive certification from the court of appeals to file a second or successive motion. *United States v. Brown*, 915 F.3d 1200, 1201 (8th Cir. 2019). *See also* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application").

---

[4] The Court notes that movant cannot seek monetary damages in a 28 U.S.C. § 2255 motion. Specifically, he can only seek to have his sentence vacated, set aside, or corrected. *See* 28 U.S.C. § 2255(a).

4

An inmate cannot evade this rule "by simply filing a successive [28 U.S.C.] § 2255 motion in the district court." *Baranski v. United States*, 880 F.3d 951, 955 (8th Cir. 2018). *See also Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002) (stating that authorization by the Eighth Circuit Court of Appeals is a "prerequisite under 28 U.S.C. § 2244(b)(3)…to the filing of a second or successive habeas petition"). Instead, it is up to the appropriate court of appeals to determine whether movant has made a prima facie case that he has satisfied the requirements of § 2255. *See Woods v. United States*, 805 F.3d 1152, 1153 (8th Cir. 2015).

Here, as set forth above, movant has filed several prior 28 U.S.C. § 2255 motions. His first two were consolidated into a single action, and dismissed on February 5, 2021 as time-barred. The United States Court of Appeals for the Eighth Circuit denied his request for a certificate of appealability as to that dismissal. Two subsequent § 2255 motions were denied and dismissed as successive. For these reasons, the instant § 2255 motion is successive as well.

Before movant can bring a second or successive 28 U.S.C. § 2255 motion in this Court, he must receive authorization from the United States Court of Appeals for the Eighth Circuit. Movant has not sought or received such authorization. Therefore, the motion must be denied, and this action dismissed. *See United States v. Hines*, 513 Fed. Appx. 633, 633 (8th Cir. 2013) (stating that absent prior authorization, a district court lacks jurisdiction to entertain a successive 28 U.S.C. § 2255 motion, and should dismiss it or transfer it to the court of appeals); and *United States v. Carranza*, 467 Fed. Appx. 543, 543 (8th Cir. 2012) (affirming district court denial of successive 28 U.S.C. § 2255 motion because district court lacked jurisdiction over the unauthorized motion).

**B. Summary Dismissal**

Under Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court must dismiss a motion "[i]f it plainly appears from the motion, any

5

attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." As discussed above, it is plainly apparent that movant's 28 U.S.C. § 2255 motion is successive, and that movant has not sought or received authorization from the court of appeals for an order allowing this Court to consider the application. Thus, the Court lacks jurisdiction to entertain movant's request for relief. As such, the motion will be denied and this action dismissed.

### C. Certificate of Appealability

The Court has considered whether or not to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B) ("Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from…the final order in a proceeding under section 2255"). In order to issue such a certificate, the Court must find a substantial showing of the denial of a federal right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Movant has not made such a showing, so the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that movant's 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence (Docket No. 1; Docket No. 5) is **DENIED AND DISMISSED AS SUCCESSIVE**. *See* 28 U.S.C. § 2244(b)(3). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Court shall not issue a certificate of appealability.

Dated this 6th day of September, 2022.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE